UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
LOUIS ROMEO,                                                   :
                                                               :     **REPORT & RECOMMENDATION**
                                           Plaintiff,          :
                                                               :     19-CV-01996 (LDH)(PK)
              -against-                                        :
                                                               :
KILOLO KIJAKAZI, COMMISSIONER OF                               :
SOCIAL SECURITY,                                               :
                                                               :
                                           Defendant.          :
-------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Louis Romeo ("Romeo" or "Plaintiff"), by his attorney Christopher J. Bowes ("Plaintiff's Counsel"), filed this action on April 8, 2019 under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security ("Defendant") to deny Romeo's claim for Social Security Disability benefits.[1] ("Compl.," Dkt. 1.) Before the undersigned on referral from the Honorable LeShann DeArcy Hall is Plaintiff's Counsel's motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b). ("Motion," Dkt. 20.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted, that Plaintiff's Counsel be awarded $15,655.50 in fees, and that Plaintiff's Counsel be directed to remit to Plaintiff the $7,750.00 in fees already received under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I.    Background**

Unless otherwise noted, the following facts are taken from the Complaint, the Administrative Record (Dkt. 7), and the Declaration of Christopher J. Bowes, Esq. ("Bowes Decl.," Dkt. 21 at 1-10)

---

[1] The Complaint was initially filed against Acting Commissioner Nancy Berryhill. Kilolo Kijakazi became Acting Commissioner in July 2021, https://www.ssa.gov/agency/commissioner/, and should be substituted as defendant. Fed. R. Civ. P. 25(d).

1

and supporting exhibits (Exs. A-C to the Bowes Decl., Dkt. 21 at 11-20).

Plaintiff filed an application for Social Security Disability benefits with the Social Security Administration on February 11, 2013 for a disability that began on January 4, 2013. (Dkt. 7 at 91, 107.)[2] On July 25, 2013, his claim was denied through a Notice of Disapproved Claim, and he requested a hearing before an Administrative Law Judge ("ALJ"). (Bowes Decl. ¶ 5.) The ALJ found Plaintiff not disabled and denied his claim on February 27, 2015. (Bowes Decl. ¶ 6.) Plaintiff sought review of that determination, and on September 23, 2016, the Appeals Council vacated the ALJ's decision and remanded the case for further proceedings. (Bowes Decl. ¶ 7.)

On January 16, 2018, Plaintiff appeared before a different ALJ, and on April 2, 2018,[3] that ALJ found Plaintiff was not entitled to benefits. (Bowes Decl. ¶¶ 8-9.) Plaintiff sought review of that determination as well, but on February 8, 2019, the Appeals Council denied Plaintiff's request for review. (Bowes Decl. ¶ 10.)

On March 12, 2019, Plaintiff and Plaintiff's Counsel entered into a retainer agreement in which Plaintiff's Counsel agreed to represent Plaintiff in an appeal to the district court. ("Retainer," Ex. A to the Bowes Decl., Dkt. 21 at 11-12.) The Retainer provided for a contingent award of 25% of past-due benefits recovered, and no fee if there was no recovery. (*See* Retainer.)[4]

Plaintiff filed the Complaint on April 8, 2019. (Dkt. 1.) The Court set a briefing schedule for Plaintiff's motion for judgment on the pleadings, Defendant's response, and Plaintiff's reply. (Order

---

[2] Contrary to the Administrative Record, the Complaint alleges that Romeo applied for benefits on February 13, 2013 (Compl. ¶ 7), and the Bowes Declaration states that he applied for disability benefits on March 1, 2013 (Bowes Decl. ¶ 4).

[3] The unfavorable notice of decision is dated April 2, 2018. (Dkt. 7 at 7; *see also* Compl. ¶ 10.) The Administrative Record's index incorrectly states that the unfavorable decision is dated March 28, 2018 (Dkt. 7 at 2), and the Bowes Declaration also cites that date (Bowes Decl. ¶ 9).

[4] Although the Retainer expressly provided that no fee would be due if the appeal was unsuccessful, Plaintiff agreed "to pay reasonable and necessary expenses" regardless of recovery. (Retainer at 1.)

dated Apr. 10, 2019.) After Defendant filed a copy of the 1,381-page Administrative Record (Dkt. 7), Plaintiff timely served his motion for judgment on the pleadings on Defendant. (*See* Bowes Decl. ¶ 12; Dkt. 9.) Thereafter, Defendant, with Plaintiff's consent, requested an extension of time to serve its opposition and cross-motion for judgment on the pleadings. (Dkt. 11.) The Court granted the request. (Order dated Nov. 13, 2019.)

On November 20, 2019, Defendant agreed to reverse the Commissioner's unfavorable decision and remand Plaintiff's claim to the Social Security Administration for further proceedings. (Dkt. 12.) The parties' stipulation was so ordered on November 22, 2019. (Order dated Nov. 22, 2019; *see also* Judgment dated Nov. 25, 2019.)

On February 24, 2020, Plaintiff's Counsel filed a motion for attorney's fees pursuant to the Equal Access to Justice Act. (Dkt. 15.) On March 2, 2020 the parties stipulated to an award of $7,750.00 for attorney's fees and $400.00 in costs (Dkt. 18), which the Court so-ordered on March 5, 2020 (Dkt. 19).

On November 5, 2020, Plaintiff appeared before another ALJ on remand, and received a partially favorable decision finding him disabled from January 4, 2013 through September 20, 2015. (Bowes Decl. ¶¶ 16-17.) While Plaintiff is appealing the unfavorable portion of the decision which finds that he was not disabled after September 20, 2015 (Bowes Decl. at 3 n. 1), on February 16, 2021, Plaintiff received a Notice of Award for $62,622.00 in past-due benefits from July 2013 through November 2015.[5] (Notice of Award, Ex. C to the Bowes Decl., Dkt. 21 at 16-20; Bowes Decl. ¶¶ 18-19.) The Social Security Administration withheld $15,655.50, or 25 percent of past-due benefits, as potential attorney's fees to be paid to Plaintiff's Counsel. (Notice of Award at 1.)

Plaintiff's Counsel filed the Motion on March 2, 2020. Defendant did not oppose the Motion

---

[5] Social Security Disability benefits continue for two months after the month an individual is determined to no longer be disabled. 20 C.F.R. § 404.316(b)(3).

3

or file any other response to Plaintiff's Counsel's request for fees.

Plaintiff's Counsel has "over twenty-five years' experience litigating Social Security cases at the administrative level and in federal court" and has represented individuals in over 1,000 federal court challenges to disability determinations. (Bowes Decl. ¶ 35.) In non-contingency cases, Plaintiff's Counsel's hourly fee is $450. (Bowes Decl. ¶ 37.)

## II.   Timeliness of the Motion for Attorneys' Fees

A request for an award for fees must be filed within fourteen days of a claimant's notice of any benefits calculation. *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 91 (2d Cir. 2019); Fed. R. Civ. P. 54(d)(2)(B). Plaintiff's Counsel's motion was filed on March 2, 2021, within fourteen days of the notice of benefits, which is dated February 16, 2021. Therefore, it is timely.

## III.   Reasonableness of the Requested Fees

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). The Commissioner of Social Security may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.*[6]

The Supreme Court has explained that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart,* 535 U.S. 789, 808-09 (2002). "Although § 406(b) requires the district court to review the reasonableness of any requested fee, because a contingency fee

---

[6] Accordingly, Section 406(b) does not constitute fee-shifting, since fees awarded under the statute are paid by a Social Security claimant to his or her own attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

4

arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the district court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable." *Cahill v. Colvin*, No. 12-CV-9445 (PAE)(MHD), 2016 WL 4581342, at *1 (S.D.N.Y. Sept. 2, 2016) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

In assessing the reasonableness of a contingency fee, courts should "determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citations omitted); *see also Gisbrecht,* 535 U.S. at 808; *Torres v. Colvin*, No. 11-CV-5309 (JGK), 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014).

Plaintiff's Counsel seeks an award of $15,655.50, which is 25% of Plaintiff's $62,622.00 past-due benefits. (*See* Bowes Decl. ¶¶ 19, 22-23; *see also* Notice of Award at 1.) The Retainer provides for a 25% contingency fee, and there is no evidence of fraud or overreaching in the making of the contingency agreement.

To determine whether a fee award is a windfall, courts consider

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Torres*, 2014 WL 909765, at *3 (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 329, 323 (S.D.N.Y. 2007)).

Plaintiff's Counsel's efforts were successful, efficient and required real work. They resulted in a remand and the successful recovery of almost two-and-a-half years of Plaintiff's past-due benefits in the amount of approximately $46,966.50 after attorney's fees (and before other deductions).

The Complaint is brief, but it succinctly and clearly describes the relevant procedural history and states Plaintiff's claim for relief. (*See* Dkt. 1.) The undersigned cannot assess the quality of Plaintiff's Counsel's briefing of the motion for judgment on the pleadings because Plaintiff's Counsel,

pursuant to the Court's instructions, served it on Defendant but did not file it on the docket. (*See* Order dated Apr. 10, 2019.) Nevertheless, Plaintiff's Counsel's briefing was apparently effective because Defendant thereafter stipulated to a remand. (*See* Dkts. 12-14; Bowes Decl. ¶¶ 12-13, 17- 7, Notice of Award.)

The success of the motion in prompting a remand without the need for costly and time-consuming opposition and reply briefing also speaks to Plaintiff's Counsel's efficiency and effectiveness in Social Security Disability cases. "[T]here is no evidence that [plaintiff's attorney] unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase [his] own fee." *See Trupia v. Astrue*, No. 05-CV-6085 (SJF), 2008 WL 858994, at *3 (E.D.N.Y. Mar. 27, 2008).

Plaintiff's Counsel's fee request of $15,655.50 for 39.8 hours of work in this matter, including 29.9 hours on the motion for judgment on the pleadings, results in a *de facto* rate of approximately $393.35 per hour. (*See* Ex. B to the Bowes Decl.) That effective hourly rate is below both Plaintiff's Counsel's regular non-contingency hourly rate and other § 406(b) awards approved in this District. (*See* Bowes Decl. ¶ 37.) *See, e.g.*, *Whichard v. Comm'r of Soc. Sec.*, No. 16-CV-6260 (LDH) (RLM), 2020 WL 6370238, at *4 (E.D.N.Y. Jan. 24, 2020), *R&R adopted*, 2020 WL 5810100 (E.D.N.Y. Sept. 30, 2020) (approving *de facto* hourly rate of $650); *Thompson v. Colvin*, No. 15-CV-6064 (LDH) (E.D.N.Y. June 5, 2018) (approving reduced fee of $20,100 for 40.2 hours of work, a *de facto* hourly rate of $500); *Torres*, 2014 WL 909765, at *5 (awarding $13,700 for 13.7 hours of attorney time spent on the federal court action, corresponding to an imputed hourly rate of $1,000).

Plaintiff's Counsel's requested award and effective hourly rate here are similar to or below awards and rates approved for the same Counsel in recent decisions in this District. *See Whittier, v. Commissioner of Social Security*, No. 18-CV-4142 (PKC), 2021 WL 3667053, at *4 (E.D.N.Y. Aug. 18, 2021) (reducing fee award from $30,000 to $15,800 for a *de facto* hourly rate of $500 and citing cases

6

awarding between $12,450 and $17,600 at $500 effective hourly rates); *Smolka v. Berryhill*, No. 1:18-CV-00121 (FB), 2021 WL 3054962, at *2 (E.D.N.Y. July 20, 2021) (reducing award from the requested $30,000 to $21,140, for an effective hourly rate of $700).

Finally, Defendant did not oppose Plaintiff's Counsel's request for fees, despite being served with a copy of the Motion. (*See* Dkt. 21 at 11.) Accordingly, the Court does not find the requested amount to be unreasonable under Section 406(b).

## IV.  Refund of EAJA Fees to Plaintiff

The Supreme Court has recognized that fee awards in actions to review Social Security Disability benefit determinations may be made under both the EAJA and under Section 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (citation, alteration, and internal quotation omitted); *cf. Cahill*, 2016 WL 4581342, at *2 n.1 (agreeing with proposal by plaintiff's attorney to accept a Section 406(b) award without offsetting a prior, smaller award under the EAJA, so long as the attorney remits the amount of the EAJA award to the plaintiff).

Plaintiff's Counsel proposes to offset his net fee by the $7,750.00 he was previously awarded under the EAJA, for a total award of $7,705.50 ($15,655.50 minus $7,750.00). (Bowes Decl. ¶ 36; Mem. Of Law, Dkt. 22 at 8.) Courts have rejected similar proposals from Plaintiff's counsel and instead directed him to refund the smaller EAJA award directly to Plaintiff. *See, e.g.*, *Murphy v. Saul*, No. 17-CV-1757 (PKC), 2021 WL 3173212, at *3 n.9 (E.D.N.Y. July 27, 2021); *Smolka v. Berryhill*, No. 1:18-CV-00121 (FB), 2021 WL 3054962, at *2 (E.D.N.Y. July 20, 2021). The undersigned therefore respectfully recommends that Plaintiff's Counsel be granted his requested attorney's fees and be directed to refund the smaller amount of the EAJA award to Plaintiff.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion be granted,

that Plaintiff's Counsel be awarded **$15,655.50** in attorney's fees, and that Plaintiff's Counsel be directed to remit to Plaintiff the **$7,750.00** previously awarded under the Equal Access to Justice Act upon receipt of the Social Security Administration's payment.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

Dated: Brooklyn, New York
         September 12, 2021

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge